H. A. P. Carter, Minister of Interior, *v.* Loo Ngawk and others.

S. B. Dole and J. Russell for defendant.

## SUPREME COURT—IN BANCO.

### SPECIAL TERM—NOVEMBER, 1881.

*Judd, C. J., McCully and Austin, J. J.*

## H. A. P. CARTER, MINISTER OF INTERIOR, *vs.* LOO NGAWK AND OTHERS.

#### ON EXCEPTIONS.

THE LIST OF 48 JURORS for the term had been properly drawn. The return of the Marshal to the *venire* showed that seven had not been summoned, being out of the jurisdiction. The Court summoned in talesmen and the jury were composed partly of talesmen and partly of the jurors summoned under the regular *venire* for the term;

HELD, that the objection to the jury on this ground was properly overruled.

Opinion of the Court by AUSTIN, J.

This is an action of debt on bond. The sole exception

brought here for consideration by the defendants' counsel is, that "as appears by the Marshal's return to the *venire* for the term at which the case below was tried, the full number of jurors required by law had not been summoned, and that talesmen were summoned in before the number of jurors required by law to be summoned for the said term had been summoned;" and the jury on the trial below was made up partly of said talesmen, and partly of other jurors summoned by the Marshal. And that the defendants' counsel objected to the jury, and to its being impaneled, on the ground aforesaid, and the Court overruled the objection, and the defendants' counsel duly excepted.

We are of opinion that the decision of the Court below was right.

Section I of Chapter 17 of the Laws of 1870, p. 23, provides in substance, that each Governor in concert with some Judge of a Court of Record, in the months of March and September in each year, shall prepare a list of fifty native Hawaiians, and fifty other persons, being foreigners by birth or of foreign parentage residing within their respective gubernatorial divisions, who in the opinion of such Governor or Judge, are fit to serve as jurors. It is not shown or claimed that this section of the statute was not complied with.

Section 2 provides in substance, as applied to this case that the clerk of this Court, at least twenty days before the sitting of any Court, shall draw from the appropriate box the names of twenty-four native and twenty-four foreign jurors, which drawing shall be had in the presence of a Justice of the Supreme Court or a Circuit Judge or the Governor of the Island, who shall certify to the regularity of the proceedings. It is not shown or claimed that this section of the statute was not followed.

Section 4 provides in substance that each clerk shall transmit to the Marshal or Sheriff the names of the jurors drawn, within twenty-four hours after they are drawn, in order that such

jurors may be duly summoned. This provision has also been complied with. The return of the Marshal shows that seven only out of forty-eight names of jurors furnished were not summoned, because beyond the jurisdiction. This is the only defect claimed by the defendants' counsel. This defect is in regard to a matter which must necessarily rest in uncertainty. In the first place the lists are drawn only once in six months for all the terms held in that time. It is likely that the condition of one or more of each list drawn will change before the time for the drawing of a new list. The list is of those who, in the opinion of the Judge or Governor are fit to serve as jurors. This must necessarily be so everywhere. Also the list of jurors drawn must be subject to the changes which arise until the next drawing provided by law, and such changes ought not to affect the validity of any panel.

There is no law saying when the Marshal shall summon the jurors. In the absence of such a law it should be held that they were to be summoned within a reasonable time before the term. Often this might be only a day or even an hour.

Section 1211 of the Civil Code, which is in force shows that it was contemplated that jurors might be so summoned. This section is as follows : "Every such juror if duly summoned at least forty-eight hours previous to the holding of the Court, shall be punishable for non-attendance by fine not exceeding $100 in the discretion of the Court for each day that he fails to attend without reasonable cause, and he may be brought up by summary attachment for that purpose."

There is no provision for any drawings of jurors except at the times or in the manner before stated. The drawing for the term to be regular must be twenty days before it sits.

If the exception is to prevail it will come to this, that many times, and perhaps ninety-nine times in a hundred, owing to the uncertainties of human life and human affairs, among forty-eight men selected to be summoned, or one hundred men selected as fit for jurors, a term appointed to be held, for

which parties and witnesses and counsel and Judges are ready, will fall through, and we shall be obliged to appoint extraordinary terms, subject again to be defeated by new changes in the lists drawn and sent out to be summoned.

It has been suggested by counsel that a provision should be added to the law requiring the jurors to be summoned a definite number of days before the term. Even this would not insure beyond contingency the summoning of a full jury list. At any moment death might come in and prevent it. No amendment could be made by which one or even seven jurors, out of a list of forty-eight jurors, might not necessarily remain unsummoned on the first day of term.

The decision in the case of the King vs. Henry Cornwell, 3 Haw. Rep., p. 164, is not in point against the view of the Court here. In that case the panel was quashed because the jury had not been drawn and summoned according to law. In this case the jury were properly drawn, it is conceded. And we hold that they were properly summoned.

Having decided the question upon its merits, without reference to the legal formality of the objection taken, we deem it unnecessary to consider the effect of Rule 25 cited by the Attorney General. Exceptions overruled.

Mr. Armstrong, Attorney General, for plaintiff.

A. S. Hartwell, attorney for defendants.

Honolulu, December 2, 1881.